Date signed December 13, 2011



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ESTHER LEWIS | : | Case No. 11-18612PM |
| | : | |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| BROOKE INVESTMENT | : | |
|   PROPERTIES & RENTALS, INC. | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| ESTHER LEWIS | : | |
| METRO PROPERTY MANAGEMENT | : | |
|   AND INVESTMENT COMPANY LLC | : | |
| TIMOTHY P. BRANIGAN, Trustee | : | |
| Respondents | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

    Before the court is a Motion for Relief from Stay filed by the holder of a senior lien on Debtor's real estate located at 4211 Canterbury Way, Temple Hills, Maryland. The moving party, Brooke Investment Properties & Rentals, Inc. ("Brooke"), is the holder of a proof of claim in the amount of $309,581.00 and alleges arrears of $45,931.95 as of the date of the filing of this case on April 26, 2011. The proof of claim states a principal balance of $263,729.46, together with interest and late charges for 17 payments that are said not to have been made prior to filing. The record also reflects a proof of claim filed by Prince George's County in the sum of $7,372.49 for real estate taxes due July 1, 2010. In addition, there is a Certificate of Tax Sale for

the subject property to support a secured claim of $7,702.15 filed on behalf of 2010 Counties, LLC, that is also a claim against the subject property.

While the party that is indebted to Brooke is Metro Property Management and Investment Company, LLC, it transferred the property to the Debtor in November, 2009. Under § 102(2) of the Bankruptcy Code, a claim against the debtor includes a claim against property of the debtor. Likewise, the Debtor is entitled to the protection of the automatic stay of 11 U.S.C. § 362(a).

At the hearing, Brooke alleged that eight post-petition payments were due, together with late fees of $98.41 a month. For the purpose of the hearing, the court accepted the Debtor's assertion that she had made four of the eight payments occurring post-petition, and in the Order that accompanies this Memorandum the court will direct that Debtor make these payments, together with the late fees by January 25, 2012. The issue of non-payment of taxes was not fully presented and therefore not considered by the court. Similarly, the Debtor points out that she has filed an appeal of the tax assessment for the property. That appeal has nothing to do with the contested matter at hand. All that the court can determine is that the Debtor has some liability for unpaid real estate taxes.

The court is advised that during a recent storm there was property damage and the court will modify the stay to allow Brooke and insurance adjustors to inspect the property so as to recover for this damage what would be payable to the Debtor and Brooke, as their interests may appear.

From the record, it appears that Brooke acted in violation of the automatic stay of § 362(a) of the Bankruptcy Code when it served upon the Debtor, by certified mail, a notice of foreclosure sale dated August 1, 2011. This aspect of the case is not before the court at this time. However, the parties are advised that it is settled law that a cause of action for violation of the automatic stay of § 362(a) survives after the termination of the bankruptcy case. *See Price v. Rochford*, 947 F.2d 829 (CA7 1991)  The court notes that the Debtor purchased this property, that she now values at $230,000.00, for the sum of $425,500.00 on November 18, 2005, using her retirement funds of $150,000.00, and signing a promissory note for the balance of $275,000.00 that is held by Brooke. Because the property is substantially overmortgaged, that is, Debtor owes more to Brooke than the property is worth, should Brooke prevail on the Motion for Relief from Stay, in the event of foreclosure, no other entity is likely to purchase it. Thus Brooke walks away from the scene with Debtor's $150,000.00 cash, the property, as well as the difference between the mortgage then on the property when it was sold to the Debtor and what was paid to discharge it.

An appropriate order will be entered.

cc:
Esther Lewis, 2316 Countryside Drive, Silver Spring, MD 20905
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
John E. Ray, Esq., P.O.Box 310, La Plata, MD 20646

**End of Memorandum**